NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IFAT YASMEEN KHAN,<br><br>Defendant. | Civil Action No. 21-19968-MCA-AME<br><br>OPINION AND ORDER |

**ESPINOSA**, Magistrate Judge

      This matter comes before the Court on Defendant/Counterclaimant Ifat Yasmeen Khan's ("Defendant" or "Khan") motion for leave to file amended counterclaims pursuant to Federal Rule of Civil Procedure 15(a). [D.E. 19]. Plaintiff Zurich American Insurance Company ("Plaintiff" or "Zurich") opposes the motion. The Court has considered the moving [D.E. 19], opposition [D.E. 25], and reply [D.E. 28] papers and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is granted.

**I.**    **BACKGROUND**

      According to the complaint, Plaintiff, a commercial insurance provider, employed Defendant for almost four years until she resigned in April 2021 to work for a competitor. [D.E. 1, ¶¶ 8-15]. Plaintiff brought three claims against Defendant: (1) trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1839(3); (2) trade secret misappropriation

1

in violation of the New Jersey Trade Secret Act, 45 N.J.S.A. § 56:15-2; and (3) breach of a Proprietary Information Agreement between Plaintiff and Defendant. *Id.* ¶¶ 36-60. In response to the complaint, Defendant brought a counterclaim against Plaintiff for employment discrimination based on her race/ethnicity in violation of 42 U.S.C. § 1981. [D.E. 4 at 12-20]. On April 5, 2022, this Court entered a Pretrial Scheduling Order requiring, among other things, that any motion to amend pleadings be filed by June 7, 2022. [D.E. 18]. Before that deadline, on May 24, 2022, Defendant filed this motion for leave to file amended counterclaims.

**II.    DISCUSSION**

    **A. Motion to Amend Standard**

Pursuant to Rule 15(a), leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). A party should be given the opportunity to amend her claims unless there is "undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3rd Cir. 2000) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997)). A finding of futility also requires a Fed. R. Civ. P. 12(b)(6) analysis for a failure to state claim. *In re Burlington*, 114 F.3d at 1434. Statutes of limitations are affirmative defenses that are not grounds for a Rule 12(b)(6) dismissal unless untimeliness is apparent on the face of the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). The decision to grant or deny leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182.

**B. Defendant's Proposed Amended Counterclaims**

In her original counterclaim, Defendant alleged that prior to ending her employment with Plaintiff, she was "contemplating filing a claim of discrimination against Zurich and, on May 12, 2021, she filed a charge alleging discrimination with the Equal Employment Opportunity Commission" ("EEOC"). [D.E. 4, ¶ 51]. Defendant further alleged that "[o]n December 9, 2021, [she] requested a right to sue in order to pursue her Title VII and ADEA claims in court" but that "the EEOC [had] not yet ruled on this request." *Id.* ¶ 52.

Defendant now moves for leave to amend her counterclaim to reflect that, through counsel, she "received the right to sue on February 25, 2022," from the EEOC giving her "90 days in which to bring suit," which began to run on that date "with [her] access to" the EEOC's notice. [D.E. 19-5, ¶ 53]. In addition, she seeks to add employment discrimination claims against Defendant based on her race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). *Id.* ¶¶ 58-69.

Plaintiff opposes the motion, arguing that the proposed amendment is futile as time-barred because Defendant actually received a right-to-sue letter from the EEOC in June 2021, and that her time to sue expired 90 days later, in or about September 2021. [D.E. 25 at 1, 4]. Plaintiff further argues that Defendant engaged in undue delay by waiting from June 2021 to May 2022 to bring her Title VII and ADEA claims, and that Zurich would be prejudiced by having to defend against them. *Id.* at 6. Defendant disputes that she or her counsel actually received any right-to-sue letter sent in June 2021, or at any time prior to February 2022 [D.E. 28

at 1], and attached an email from the EEOC to her counsel reflecting that the EEOC had previously sent her a notice that "was not downloaded." [D.E. 19-3].

To maintain a timely claim for relief in federal court under Title VII, a plaintiff must file a complaint within 90 days of receiving a right-to-sue letter from the EEOC. *Burgh v. Borough City Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The 90-day period set by Title VII generally begins to run on the date the complainant receives the right-to-sue letter. *Id.* Regarding the ADEA, where the "'EEOC issues a right-to-sue letter, an ADEA claimant must file its federal suit within ninety days after receipt of the letter.'" *Griffin v. State Dep't of Human Servs.,* No. 18-14697, 2019 U.S. Dist. LEXIS 124820, at *15 (D.N.J. July 26, 2019) (quoting *Covington v. URS Corp.*, No. 11-04516, 2013 U.S. Dist. LEXIS 70755, at *7 (D.N.J. May 20, 2013)).

Here, the parties dispute the date on which Defendant received a right-to-sue letter from the EEOC. But untimeliness is not apparent on the face of the proposed amended pleading, and this Court is unable and unwilling to decide this dispositive factual dispute in the context of a motion to amend. *See Green v. Pasteur*, No. 3:21-CV-01462, 2022 U.S. Dist. LEXIS 1407, at *16 (M.D. Pa. Jan. 4, 2022) ("The parties have submitted conflicting accounts of exactly when the plaintiff received her Dismissal and Notice of Rights from the EEOC, making it impossible for this court to determine at this stage exactly when the statute of limitations began to run."); *see also Wiggins v. Albert Einstein Med. Ctr.,* No. 20-3129, 2022 U.S. App. LEXIS 10973, at *4 (3d Cir. Apr. 22, 2022) ("the timeliness of [plaintiff's] Title VII claim cannot be resolved on the face of his amended complaint, and we will vacate the dismissal of this claim for this reason"). Plaintiff can pursue its timeliness argument in a later motion, such as in a motion for summary judgment. In addition, given that Defendant filed her motion prior to the deadline for

4

amendments set forth in this Court's Pretrial Scheduling Order, and within 90 days of her counsel's receipt of the EEOC's letter in February 2022, the Court finds that she did not engage in any undue delay. Finally, because Defendant alleged in her original counterclaim that she was awaiting a right-to-sue letter from the EEOC, the Court finds that Plaintiff will not be prejudiced by having to defend against the proposed claims, which should not come as a surprise.

### III. CONCLUSION AND ORDER

For the foregoing reasons, this Court finds, in its discretion, that leave for Defendant to file amended counterclaims is warranted under Rule 15. Accordingly,

**IT IS** on this on this 30th day of August 2022,

**ORDERED** that Defendant's motion for leave to file amended counterclaims [D.E. 19] is **GRANTED**; and it is further

**ORDERED** that Defendant shall file their amended counterclaims within seven days of this Order.

                                                             /s/ *André M. Espinosa*
                                                         ANDRÉ M. ESPINOSA
                                                         United States Magistrate Judge